```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,            )
     Plaintiff,                 )
                                )
          v.                    )    C.A. No. 08-10919-MLW
                                )
ADM. GARY ROUGHEAD, et al.,     )
     Defendants                 )
```

                      MEMORANDUM AND ORDER

WOLF, D.J.                                      December 26, 2012

Richard Max Strahan is a pro se plaintiff seeking declaratory and injunctive relief against the defendants (collectively "the Navy"). Defendants' Renewed Motion to Dismiss is fully briefed and pending before the court. See Defendants' Supp. Mem. of Points and Auth. in Supp. of Mot. of Dismissal (Docket No. 71); Mot. to Dismiss for Lack of Subject Matter Jurisd. Pursuant to Fed. R. Civ. P. 12(B)(1) (Docket No. 25); Plaintiff's Opp. to Defendants' Renewed Mot. to Dismiss (Docket No. 76) ("Opposition Memorandum"). Plaintiff, however, has filed a Notice of Withdrawal (Docket No. 90), seeking to withdraw the Opposition Memorandum filed by his attorney, who has since been allowed by the court to withdraw, and to submit a new one. Plaintiff has also filed a Motion to Be Provided Without Cost a Copy of the Transcript from the District Court's 16 March 2012 Hearing (Docket No. 91) ("Motion for Transcript"). For the following reasons, plaintiff's Notice of Withdrawal is being

denied; plaintiff's Motion for Transcript is being allowed; and defendants' Renewed Motion to Dismiss is being denied, based on the on the parties' current submissions, for the reasons described in a companion Memorandum and Order being issued today.

I. BACKGROUND

Plaintiff filed his Complaint pro se on May 30, 2008. The Complaint asserts that the Navy is in violation of various provisions of the Endangered Species Act, 16 U.S.C. §1531, et seq., for operating naval vessels in United States coastal waters in a manner that kills and injures certain federally protected whales.[1]

On May 19, 2009, defendants filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. That motion was denied without prejudice to renewal after the parties had an opportunity to conduct limited discovery and update the record. See Nov. 22, 2010 Memorandum and Order, Strahan v. Roughead, C.A. No. 08-10919, 2010 WL 4827880 (D. Mass. Nov. 22, 2010).

Plaintiff, who is indigent, sought to have counsel appointed for him on November 27, 2010. See Plaintiff's Request that the District Court Assign Him Representation by Counsel for the

---

[1] The four federally protected species are the North Atlantic right whale (Eubalaena glacialis), the humpback whale (Megaptera novaenagliae), the fin whale (Balaenoptera physalus), and the blue whale (Balaenoptera musculus). Compl. at 2.

Remainder of the Proceedings. Lawrence K. Kolodney of Fish & Richardson P.C. was appointed as plaintiff's pro bono counsel on January 20, 2011. See Jan. 20, 2011 Order.

On July 28, 2011, defendants renewed their motion to dismiss.[2] Mr. Kolodney, on behalf of the plaintiff, filed the Opposition Memorandum on September 27, 2011. On October 3, 2011, Mr. Kolodney filed a Motion for Leave to Withdraw as Counsel citing an "irreversible breakdown of the attorney client relationship."

At a hearing on March 16, 2012, the court granted Mr. Kolodney's motion to withdraw, and decided a number of matters raised by the plaintiff both orally at the hearing and in various submissions prior to the hearing. See Mar. 16, 2012 Order. The court: (1) denied plaintiff's oral motion for leave to file a supplemental memorandum in opposition to defendants' Renewed Motion to Dismiss; (2) denied plaintiff's oral motion for leave to file an amended complaint; and (3) ordered the parties to confer and report on whether the plaintiff intended to move to dismiss his complaint without prejudice, and, if so, whether defendants would oppose such a motion. See id.

---

[2] The Navy renewed its motion to dismiss by filing a Supplemental Memorandum of Points and Authorities in Support of Motion to Dismiss (Docket No. 71). As the parties agree that the defendants have renewed their motion to dismiss, the court is treating defendants' submissions as a Renewed Motion to Dismiss.

In response, on March 18, 2012, the plaintiff filed a Notice of Withdrawal (Docket No. 90), seeking to withdraw from the court's consideration the Opposition Memorandum prepared by Mr. Kolodney. Strahan asserted that Opposition Memorandum was deficient and did not adequately contest the Navy's arguments in the Renewed Motion to Dismiss. He also made pejorative statements regarding Mr. Kolodney and the court's handling of his case. Strahan stated that he would submit his own opposition memorandum within two weeks. Plaintiff has not, however, submitted a new opposition memorandum or moved to dismiss the complaint without prejudice.

On March 23, 2012, the Navy submitted a Separate Statement in Response to Court Order (Docket No. 92) ("Statement"). In the Statement, defendants' counsel indicated that he attempted to confer with the plaintiff several times, but that it was unclear how plaintiff intended to proceed. Defendants stated that they opposed any motion to dismiss the complaint without prejudice, citing Strahan v. Diodati, 755 F. Supp. 2d 318 (D. Mass. 2010), and that they opposed plaintiff's attempt to withdraw the Opposition Memorandum and file a new one. In addition, defendants' counsel attached two emails from the plaintiff, one of which accused this court of "san[d]bagging" him. The other told counsel, "Bite me, ya whale killing bitch. Don't worry about

4

the court. Worry about me!!"

II. ANALYSIS

The court is treating plaintiff's Notice of Withdrawal as a motion to withdraw the Opposition Memorandum and to submit a new or supplemental opposition memorandum.

A district court has "significant discretionary authority" to set and enforce deadlines in cases, particularly in light of concerns regarding case or docket management. Moringlane-Ruiz v. Trujillo-Panisse, 232 Fed. Appx. 8, 9 (1st Cir. 2007) (upholding denial of extension of filing deadline where plaintiff was not "justifiably surprised by the court's action" and where the "individual circumstances" did not make the denial unfair); see also Matthews v. Vargas, 254 Fed. Appx. 1, 3 (1st Cir. 2007) (upholding ending of discovery and setting of case for trial where case had been underway for six years and had been delayed by repeated filings by pro se party); Solimine v. McNeil, 56 F.3d 59, 59 (1st Cir. 1995) (unpublished table decision) (upholding denial of motions to file supplemental memorandums as "extremely tardy"). In analogous circumstances, the First Circuit has held that there should be "substantial and convincing evidence" to allow a belated attempt to amend, particularly when a matter has been briefed and is pending before the court. Steir v. Girl Scouts of USA, 383 F.3d 7, 12 (1st Cir. 2004) (upholding denial of motion to amend complaint where opposing party had moved for

the court. Worry about me!!"

II. ANALYSIS

The court is treating plaintiff's Notice of Withdrawal as a motion to withdraw the Opposition Memorandum and to submit a new or supplemental opposition memorandum.

A district court has "significant discretionary authority" to set and enforce deadlines in cases, particularly in light of concerns regarding case or docket management. Moringlane-Ruiz v. Trujillo-Panisse, 232 Fed. Appx. 8, 9 (1st Cir. 2007) (upholding denial of extension of filing deadline where plaintiff was not "justifiably surprised by the court's action" and where the "individual circumstances" did not make the denial unfair); see also Matthews v. Vargas, 254 Fed. Appx. 1, 3 (1st Cir. 2007) (upholding ending of discovery and setting of case for trial where case had been underway for six years and had been delayed by repeated filings by pro se party); Solimine v. McNeil, 56 F.3d 59, 59 (1st Cir. 1995) (unpublished table decision) (upholding denial of motions to file supplemental memorandums as "extremely tardy"). In analogous circumstances, the First Circuit has held that there should be "substantial and convincing evidence" to allow a belated attempt to amend, particularly when a matter has been briefed and is pending before the court. Steir v. Girl Scouts of USA, 383 F.3d 7, 12 (1st Cir. 2004) (upholding denial of motion to amend complaint where opposing party had moved for

summary judgment); see also Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 412 F.3d 251, 231 (1st Cir. 2005) (same, where motion to amend was made two years after filing of complaint and after summary judgment motion was fully briefed by both parties).

In the instant matter, plaintiff's case is more than four years old. Defendants' Renewed Motion to Dismiss has been pending before the court since July, 2011, and is fully briefed. Moreover, the issues in the Renewed Motion to Dismiss have been the subject of a prior motion to dismiss and subsequent limited discovery. The court concludes that there is no "substantial and convincing evidence" to justify the plaintiff's belated attempt to amend his opposition to the defendants' Renewed Motion to Dismiss. See Mass. Eye & Ear Infirmary, 412 F.3d at 231; Steir, 383 F.3d at 12. As the court is denying defendants' Renewed Motion to Dismiss, plaintiff is not being prejudiced by the denial of his request to do so. Plaintiff's Notice of Withdrawal and motion to withdraw the Opposition Memorandum and to submit a new opposition memorandum is, therefore, being denied.

III. PLAINTIFF'S COMMENTS REGARDING COUNSEL AND THE COURT

The court is concerned about the tenor of plaintiff's communications with defense counsel. Plaintiff's email telling counsel to "worry about me" may reasonably be construed as a

threat which could be referred by counsel to the United States Marshals Service for investigation. In addition, Strahan's motions and other submissions have, on more than one occasion, been disrespectful, derogatory and discourteous. The court, therefore, instructs the plaintiff that if his conduct continues to "exceed[] the limits of dignity and decency in the papers filed with the court," this case may be dismissed and he may be barred from filing additional cases without leave of court. Dias v. Bogins, 927 F. Supp. 18, 21-22 (D.N.H. 1995) (quoting Heritage Hills Fellowship v. Plouff, 555 F.Supp. 1290, 1298 (E.D. Mich. 1983)); see also Castro v. United States, 584 F. Supp. 252, 266 (D.P.R. 1984).

IV. ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Plaintiff's Notice of Withdrawal (Docket No. 90) moving to withdraw his Opposition Memorandum to defendant's Renewed Motion to Dismiss and to submit a new opposition memorandum is DENIED. Defendants' Renewed Motion to Dismiss is being decided on the current submissions of the parties in a companion Memorandum and Order issued today.

2. Any future submissions by plaintiff, or any oral or written statements to counsel or the court, shall be stated with the dignity and decency appropriate to judicial proceedings; they

shall not be insulting or threatening. Any violation of this Order, or any other order in this case, may result in the dismissal of this case and an order barring plaintiff from filing additional cases without leave of court. See Dias, 927 F. Supp. at 21-22; see also Castro, 584 F. Supp. at 266; Heritage Hills Fellowship, 555 F.Supp. at 1298. Any such violation may also be deemed a criminal and/or civil contempt.

   3. Plaintiff's Motion to Be Provided Without Cost a Copy of the Transcript from the District Court's 16 March 2012 Hearing (Docket No. 91) is ALLOWED because plaintiff is indigent.

                                        /s/ Mark L. Wolf
                                   UNITED STATES DISTRICT JUDGE