```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,          )
     Plaintiff,               )
                              )
          v.                  )    C.A. No. 08-cv-10919-MLW
                              )
ADM. GARY ROUGHEAD, et al.,   )
     Defendants.              )
```

MEMORANDUM AND ORDER

WOLF, D.J.                                         August 29, 2013

On December 26, 2013, in a 51-page Memorandum and Order (the "Order"), the court, among other things, denied the United States Navy's motion to dismiss for lack of subject matter jurisdiction because there were disputed material facts concerning whether plaintiff's claims were moot. The Order directed the parties to, by February 15, 2013, "confer and report, jointly if possible but separately if necessary, on a plan and schedule necessary to complete discovery on both the issue of mootness and the merits of the case." See Dec. 26, 2012 Order at 51. Plaintiff Richard Max Strahan filed several assented-to motions to extend the time to report, the latest of which sought an extension until March 8, 2013.

On March 18, 2013, defendants filed the report required by the Order. Defendants stated, among other things, that they repeatedly attempted to confer with plaintiff in order to file a joint report, but plaintiff did not respond.

Plaintiff never filed the report required by the Order.

However, on May 14, 2013, plaintiff filed a notice stating his intent to move for voluntary dismissal of this case without prejudice and to file a new civil case against defendants within 60 days, meaning by about July 15, 2013. See Pl.'s May 14, 2013 Notice (Docket No. 117). Plaintiff has not since May 24, 2013 filed anything else in this case.

Plaintiff's failure to comply with the Order alone justifies sua sponte dismissal of this case. See Fed. R. Civ. P. 16(f)(1)(C); Mulero-Abreu v. Puerto Rico Police Dep't, 675 F.3d 88, 89 (1st Cir. 2012) (discussing "the folly of treating case-management orders as polite suggestions rather than firm directives"); see also Young v. Gordon, 330 F.3d 76, 81 (1st Cir. 2003) ("[D]isobediance of court orders is inimical to the orderly administration of justice . . . ."); HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988) ("Courts cannot function if litigants may, with impunity, disobey lawful orders."). Plaintiff's expressed intention not to prosecute this case and his failure to take any action to do so since expressing that intention also justifies dismissal. See Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-26 (1st Cir. 2002) ("A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte for any of the reasons prescribed in Fed. R. Civ. P. 41(b). Lack of diligent prosecution is such a reason.").

The court has devoted substantial time and attention to this case. It has, among other things, issued two lengthy decisions denying motions to dismiss. While the court generally prefers to resolve cases on their merits, it also must control its docket. In the circumstances of this case, it is most appropriate that the court exercise its discretion to dismiss it.

In view of the foregoing, this case is hereby DISMISSED.

                                         /s/ MARK L. WOLF
                                         UNITED STATES DISTRICT JUDGE