UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD MAX STRAHAN,            )
    Plaintiff,              )
                                )
       v.                  )    C.A. No. 08-cv-10919-MLW
                                )
ADM. GARY ROUGHEAD, et al.,     )
    Defendants.             )

MEMORANDUM AND ORDER

WOLF, D.J.                                              June 9, 2014

I. INTRODUCTION

    Plaintiff Richard Max Strahan filed his Complaint pro se on May 30, 2008, asserting that the United States Navy violated various provisions of the Endangered Species Act (the "ESA"), 16 U.S.C. §1531, et seq., by operating naval vessels in United States coastal waters in a manner that kills and injures certain federally protected whales. He was subsequently represented by court-appointed counsel, who were later allowed to withdraw and plaintiff again represented himself. In part because the plaintiff did not comply with the December 26, 2012 Order, on August 29, 2013, the court dismissed the case sua sponte. See Aug. 29, 2013 Order at 2.[1]

---

[1] The December 26, 2012 Order directed the parties to, by February 15, 2013, "confer and report, jointly if possible but separately if necessary, on a plan and schedule necessary to complete discovery on both the issue of mootness and the merits of the case." Dec. 26, 2012 Order ¶2. Although defendants filed the report required by the Order on March 18, 2013, plaintiff failed to file his report. On May 14, 2013, plaintiff filed a notice stating his intent to move for voluntary dismissal of this case without prejudice and to file a new civil case against defendants within 60 days. See Pl.'s May 14, 2013 Notice. Plaintiff did not file anything further. The court dismissed the case because of plaintiff's failure to comply with the December 26, 2012 Order, his expressed intention not to prosecute this

On January 23, 2014, plaintiff filed a Motion under Federal Rule of Civil Procedure 60 for an Award of Attorney's Fees (the "Motion"). Plaintiff requests that the court award him attorney's fees in the amount of $192,456.50, for the work done by his court-appointed attorneys up to the time the court denied the defendants' second motion to dismiss.[2] See Mot. for Attorney's Fees at 1. Defendants have opposed the Motion. For the reasons stated below, the Motion is being denied.

II. DISCUSSION

Plaintiff requests that the court award attorney's fees pursuant to Federal Rule of Civil Procedure 60. Rule 60 authorizes the court to relieve a party from a final judgment, order, or proceeding. See Fed. R. Civ. P. 60(b). The Rule has no application to the award of attorney's fees and, therefore, is not a basis for granting plaintiff's request.

The ESA, however, provides that in a citizen suit,[3] a court

---

case, and his failure to take any action to do so after expressing that intention. See Aug. 29, 2013 Order at 2.

[2] On May 5, 2009, the court denied defendants' first motion to dismiss. See May 5, 2009 Order. On December 26, 2012, the court denied the defendants' renewed motion to dismiss. See Dec. 26, 2012 Order.

[3] Under the ESA "any person may commence a suit on his own behalf to enjoin any person, including the United States and any other governmental instrumentality or agency, who is alleged to be in violation of any provision of this chapter or regulation issued under the authority thereof." 16 U.S.C. §1540(g)(1)(A).

"may award costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. §1540(g)(4). This language "was meant to expand the class of parties eligible for fee awards from prevailing parties to partially prevailing parties - parties achieving some success, even if not major success." <u>Ruckelshaus v. Sierra Club</u>, 463 U.S. 680, 688 (1983). Although the Supreme Court in <u>Ruckelshaus</u> was construing language in the Clean Water Act, the Court made it clear that its analysis applied to identical language in other statutes, including the ESA. <u>See</u> <u>id.</u> at 688 n.1.

This case was dismissed without a decision on its merits. <u>See</u> Aug. 29, 2013 Order at 3. The court observed that plaintiff's failure to comply with the December 26, 2012 Order and his expressed intention not to prosecute the case justified the dismissal. <u>Id.</u> Therefore, plaintiff has not achieved any success on the merits of this case. As plaintiff does not assert that the suit achieved its desired outcome, or indeed that he prevailed in part, an award is not merited under the "catalyst theory," which provides that in cases brought under the ESA, the court may award attorney's fees where the lawsuit achieves its desired outcome despite the plaintiff failing to win a final judgment on the merits. <u>See</u> <u>Ass'n of Cal. Water Agencies v. Evans</u>, 386 F.3d 879, 884-86 (9th Cir. 2004). Accordingly, plaintiff is not entitled to attorney's fees under the ESA.

III. ORDER

In view of the foregoing, Plaintiff's Rule 60 Motion for an Award of Attorney Fees (Docket No. 125) is hereby DENIED.

      /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE